Pearson, J.
 

 Whore the “ gist” of the action, is the
 
 negligence
 
 or
 
 misconduct
 
 of an agent, lie is not a competent witness, as in an action against the owner of a coach for damages, caused by a collision, through the negligence or want of skill of the driver,
 
 Whitamore
 
 v.
 
 Waterhouse,
 
 4 C. and P. 383 ;
 
 Green
 
 v.
 
 New River Company,
 
 4 T. R. 589; or where the defense rests upon such negligence or misconduct, as in an action by the owner against underwriters, where the question was, whether there had been a deviation, the master of the ship is not a competent witness to disprove the alleged deviation ;
 
 De Symonds
 
 v.
 
 De La Cour,
 
 2 N. R. 374; for, in all such cases, the agent lias a direct interest to exculpate himself, and the same proof, by which the principalis charged,, will be sufficient to enable him to charge the agent.
 

 But where the liability of the principal does not depend upon the negligence or misconduct of the agent, and the action can be maintained without reference to, or proof of such negligence, or misconduct, there the agent is competent, and the relation which he sustains to the party, will go only to his credit; thus, a salesman is competent to prove the delivery of goods ;
 
 Theobold
 
 v.
 
 Tregott,
 
 11 Mod. R. 262 ; a factor who sells for the plaintiff, is competent to prove the contract of sale ;
 
 Dixon
 
 v.
 
 Cooper,
 
 3 Wils. 40 : A servant is a witness for the master in an action against the latter for a penalty, as for selling coals without measure by the bushel, though the act was done by the servant;
 
 E. Ind. Co.
 
 v.
 
 Gossling,
 
 Bull. N. P. 289. In all such cases the agent has no
 
 direct
 
 interest; for although he may, by possibility, be made liable over, yet it is contingent, and it does not necessarily follow from the fact, that his principal is liable; but depends on a future enquiiy into the ground of that liability, and other proof will be necessary to charge him, than that by which the principal was charged; 1 Starkio’s Ev. Ill, and cases there cited.
 

 A common carrier is liable for the safe delivery of goods as
 
 *397
 
 an insurer, except against the acts of God, and the public enemy; and in an action against him, the negligence or misconduct of his agent who conducts the business, is not involved, as his liability is without reference to it, consequently, the agent -would be a competent witness to prove that the loss of'the goods was occasioned by the act of God, or the public enemy; for if it bo supposed that the loss occurred in some other way, as that the goods were stolen without default on the part of the agent, the principal would be liable, and still the agent would uot be liable over; so that his liability is contingent, and depends upon a ground which is not involved in the action against the principal, to wit: whether the loss was occasioned by his neglect or misconduct.
 
 Walston
 
 v.
 
 Myers,
 
 ante, 174, will serve as an illustration. That was a contract for inland carriage by water. The first count charged the defendants as “ common carriers;” the second for negligence and unskilfulness in towing a fiat boat, whereby it was snagged. One of the defendants,
 
 De
 
 Land, was the master, and the others were the owners of the steamboat. The Court say, “the owners, (supposing them to be common carriers) were liable, whether there was negligence, or unskillfulness or not.” “JButDe Land, who was the servant of the owners, was not a common carrier. It follows that he could not be made liable without proof of negligence or unskillfulness on his part, and yet his Honor allowed a verdict to be rendered against him jointly with the other defendants.” So the liability of the owners, as common carriers, did not involve the question of negligence or unskillfulness on the part of the master, and had the action been against them alone, as common carriers, the master would have had no direct interest.
 

 Our case differs from that of an ordinary common carrier in two particulars, but neither, (as it seems to us,) affects the principle of evidence. The defendants were common carriers upon the “ high seas,” and the master was liable to be sued by the shippers in the first instance, either severally or j ointly with the owners; for “in favor of commerce” the law does not compel the merchant to seek after the owners and sue them, al
 
 *398
 
 though it gives him power to do so, but leaves him a twofold remedy, against the one, or the other. This liability of the master, however, is only in respect to the shippers; as between him and the owners, the common law liability growing out of their relation still obtains. If a recovery is effected against the master, there being no default on his part, he has his remedy over against the owners; so, if a recovery is effected against the latter, they have a remedy against the master,
 
 provided
 
 the loss was occasioned by negligence or misconduct on his his part, as is the case between ordinary common carriers and their agents; Abbot on Shipping 91. So, as between the master and the owners, “ the principle in favor of commerce” has no bearing, and consequently does not affect the principle of evidence where owners are sued alone.
 

 The liability of the defendants as common carriers is restricted by the bill of lading: “The dangers of the sea only excepted.” The effect of this clause is to exempt the owners from some grounds of liability, other than those which fall under the terms “acts of God and the public enemy;” but notwithstanding this restriction, their liability does not necessarily involve the question of negligence, or misconduct on the part of the master, and they are liable without reference to, or proof of such negligence or misconduct; as where goods are stolen on board the ship by the crew or other persons.— See many cases referred to in Abbot on Shipping, part 3, ch. 3, where the owners are liable, although the master was in no default. So the introduction of this restriction, although it lessens the extent of liability, does not limit it to losses caused by the negligence, or misconduct of the master, and consequently it does not affect the principle of evidence, because the liability of the master depends upon a future inquiry as to the ground upon which the owners are made liable, and is necessarily con- - tingent. So his interest, when called to prove that the loss was occasioned by a danger of the sea, like that of the agent of an ordinary common carriel’, who is called to prove that the loss was occasioned by the act of God, or the public enemy, is not direct, and must go to his credit and not to his competency.
 

 
 *399
 

 We
 
 regret that the researches of the diligent counsel did not enable them to cite any case in point. In the absence of authority, we are left to decide upon general principles.
 

 There is error in rejecting the witness,
 
 venire de novo.
 

 Pee CdeiaM. Judgment reversed.